# EXHIBIT B

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| **R. G. BERNZEN** | ) | |
| 1510 NW Weatherstone Lane, | ) | Case No. |
| Blue Springs, MO 64015 | ) | |
| | ) | Division: |
| Plaintiff, | ) | |
| **v.** | ) | |
| | ) | |
| **AT&T MOBILITY SERVICES, LLC.,** | ) | |
| SERVE AT | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Saint Louis, Missouri 63105 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **IESHA LYNCH** | ) | |
| 560 West Bryant Street | ) | |
| Springfield Missouri 65810 | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

**COMES NOW**, Plaintiff R.G. Bernzen, hereinafter referred to as "Plaintiff Bernzen," by and through undersigned counsel, and for this cause of action against Defendant AT&T Mobility Services, LLC, hereinafter referred to as "Defendant AT&T" or "AT&T," and against separate Defendant Iesha Lynch, hereinafter referred to as "Defendant Lynch" or "Lynch," states and alleges as follows:

1

## PARTIES AND AGENTS

1.  Plaintiff Robert G. Bernzen is now a resident of 1510 NW Weatherstone Lane, Blue Springs, MO 64015.

2.  Plaintiff is now a fifty-five-year-old (55) Caucasian (hereinafter interchangeable with "white") male and a resident of the United States.  In the summer of 2015 Plaintiff was fifty-two (52) years old.

3.  Plaintiff began his employment with AT&T at the Independence retail store on October 6, 2014, and continues his employment at the Independence store as a retail sales consultant through the present date of this filing.

4.  The Independence Store is located within this judicial circuit in Jackson County, Missouri.

5.  Defendant Lynch is an African-American (hereinafter interchangeable with "black") female.  At all times relevant herein, Defendant Lynch was a member of AT&T management, with the ability to supervise, discipline, and/or discharge Plaintiff and other employees, and was engaged in that capacity for AT&T at the Independence Store.

6.  Defendant AT&T employs six or more person within the State of Missouri; thus, Defendant AT&T is an employer within the meaning of R.S.Mo. § 213.010(7) (2016).

7.  As a manager of AT&T, Defendant Lynch had the ability to act on behalf and for the interests of AT&T as part of her duties; did act directly in the interest of AT&T; and is therefore also an employer within the meaning of R.S.Mo. § 213.010(7) (2016).

8.  At all relevant times herein, Plaintiff is a white male, has been employed by

2

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

AT&T, has been over the age of forty; therefore, Plaintiff is a member of the protected class under R.S.Mo. § 213.010(1) (5) & (14); (2016).

## JURISDICTION AND VENUE

9.   Plaintiff alleges he has been subjected to a) racial discrimination b) age discrimination c) a racially hostile work environment and d) workplace harassment based on age by Defendants AT&T and Lynch (collectively "Defendants").   Said discrimination and harassment started in July 2015 and continuing until July 2017, when AT&T promoted Defendant Lynch, resulting in Lynch's departure from the Independence retail store.

10.   On or about November 22, 2017, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights, hereinafter referred to as the "MCHR." A copy of Plaintiff's Charge of Discrimination, Exhibit 1, is attached hereto and is fully incorporated by reference herein.

11.    Plaintiff's MCHR charges were brought within 180 days of the last alleged act of discrimination as required under R.S.Mo. § 213.075.1 (2016).

12.     On or about May 22, 2018, MCHR issued Plaintiff a Notice of Right to Sue, allowing Plaintiff to proceed to file this action in court.  A copy of Plaintiff's MCHR Notice of Right to Sue, Exhibit 2, is attached hereto and is fully incorporated by reference herein.

13.     Plaintiff brings this cause of action within 90 days of the date of the Notice of Right to Sue and has met all the requirements of R.S.Mo. § 213.111.1 (2016), by exhausting all administrative remedies required under Missouri Human Rights Act.

14.     This Honorable Court has personal jurisdiction over Defendants because Defendant Lynch resides in Missouri; Defendant AT&T conducts business in Missouri; and Plaintiff alleges Defendants committed tortious conduct in Missouri.

15.     This action properly lies in the Circuit Court of Jackson County, Missouri, pursuant to R.S.Mo. § 213.010, *et seq.* (2016), because Plaintiff's claims arose in this county and the unlawful employment practices were committed in this judicial venue.

16.     The due process requirements of minimum contacts and notice and opportunity to be heard are satisfied in that: 1) Defendants have purposely availed themselves of the privilege of conducting activities within the State of Missouri and enjoy the benefits and protections of laws of the State of Missouri; and 2) the means employed to give notice to Defendants are reasonably intended to inform Defendants of the suit.

## FACTS COMMON TO ALL COUNTS

17.     Plaintiff hereby incorporates Paragraphs 1 through 16 as fully set forth and re-alleged.

18.     In August 2013, Iesha Lynch became the general manager of the AT&T Mobility store in Belton, Cass County, Missouri.

19.     In 2014, seven white retail employees under Lynch's management at the Belton store filed individual lawsuits against Defendants Lynch and AT&T in Cass County, Missouri. All seven employees claimed they were victims of racial discrimination and harassment at the hands of Lynch and AT&T, each sometime between the months of

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

August 2013 to March 2014.     Three of the employees, Amy Rennau, Crystal Clark, and

Elizabeth Yount, also claimed age discrimination and harassment.

20.     The seven above-referenced Cass County, Missouri MHRA lawsuits are as

follows:

a.    Jason Speier v. AT&T Mobility Services, LLC, et al., Cass County case number

14CA-CC00238;

b.    Elizabeth Yount v. AT&T Mobility Services, LLC, et al., Cass Cty. case #14CA-

CC00234;

c.    Jonathan Boren v. AT&T Mobility Services, LLC, et al., Cass Cty. case #14CA-

CC00233;

d.    A. M. Rennau v. AT&T Mobility Services, LLC, et al., Cass Cty. case #14CA-

CC00230;

e.    Crystal Clark v. AT&T Mobility Services, et al., Cass Cty. case #14CA-

CC00231;

f.    M. E. Sale v. AT&T Mobility Services, et al., Cass Cty. case # 14CA-

CC00178; and

g.    D. L. Bram v. AT&T Mobility Services, et al., Cass Cty. case # 14CA-

CC00179.

21.     Plaintiff Bernzen was hired by AT&T on October 6, 2014 as a Retail Sales

consultant and began his employment at the Independence, Missouri store, which has

served as his home base since that time.

5

22.     During the entire course of employment with AT&T, Plaintiff Bernzen has worked as a Retail Sales Consultant. His duties are to sell AT&T phones and device products, including TV, Internet, U-Verse and Direct TV.

23.     Plaintiff Bernzen felt very fortunate to be working for AT&T and became a productive and accomplished salesperson by working hard and developing his sales proficiency.

24.     Plaintiff Bernzen aspired to move up the career ladder with AT&T and enter company management.    Bernzen was willing to put in the hard work necessary to advance with AT&T and advance monetarily.

25.      From October 2014 until the change in management and arrival of Defendant Lynch as the new store manager, Plaintiff Bernzen sharpened his workplace skills and was able to feel he was a valued AT&T employee building a good employment track record.

26.     Defendant Iesha Lynch arrived at the Independence store in July 2015 as the new store manager. This was a promotion for Lynch as the Independence store is much larger than the Belton store.

27.      With the arrival of Defendant Lynch, the management style at Independence AT&T changed dramatically.

28.     Defendant Lynch managed the Independence store through intimidation, micro-managing, threatening the loss of your job, and through discrimination and playing favorites.  Fear became the overriding result of this new management style.

6

29.     Defendant Lynch began to target Plaintiff Bernzen and other well-trained white employees.  It became immediately apparent that Defendant Lynch did not value white men at her store, especially older white men like Plaintiff.

30.      Defendant Lynch went out of her way to disparage the white men at the store and harm their economic opportunities.

31.    Lynch gave extra-sales opportunities to the younger African-American men in furtherance of Lynch's efforts to play favorites based on age and race.

32.      At the Independence store, frequently retail sales employees would be given extra opportunities for "already sold accounts," where the associate would simply have to activate the line(s) but would nonetheless receive full sales credit for this simple procedure.  That said, these "already sold accounts" opportunities were not distributed fairly among black and white employees.   Rather, Iesha Lynch would give already sold accounts to Brandon Huston, Darren Iverson, and Darian Carter, all three of whom are African-American (black) men much younger than Plaintiff.

33.      By giving only the African-American men these opportunities, Defendant Lynch displayed open racial preferential treatment and discrimination; further, Lynch's actions deprived Plaintiff and the other white men of missed sales opportunities.

34.      Even though Defendant Lynch's discriminatory actions were the offending cause, Defendant would condemn and harass Plaintiff and the other white men for the resulting in inferior monthly sales.

7

35. As manager, Defendant Lynch did not afford white salespersons the same or equal sales opportunities as black sales associates. Lynch's were discriminatory. As manager it was her duty to prevent discrimination from occurring, not promote discrimination.

36. On one occasion, Plaintiff Bernzen tried to address this discrimination and its harmful financial consequences with Defendant Lynch.

37. Lynch was not interested in Bernzen's views. Defendant Lynch informed Plaintiff that she was the manager; that Lynch could do whatever she wanted with these extra sales including to which sales representatives she chose to give them. Further, Lynch said that as the store manager, Lynch did not have to explain her decisions to Plaintiff.

38. Plaintiff believed Defendant was purposefully creating her African-American "top performers" through her preferential and discriminatory actions. Defendant Lynch instituted a "cycle of failure" for whites, by not allowing Plaintiff and other white employees to become top performers through equal treatment.

39. Brandon Huston, an African American, was given preferential treatment by Defendant Lynch.

40. Defendant Lynch allowed Huston highly coveted opportunities such as selling promotional accessories to AT&T employees at deep discounts, allowing him to earn substantially more money and improve his sales record. Defendant Lynch did not make

8

this advantage available to Plaintiff or other white salespersons. Lynch then used Huston's enhanced sales record to scold, intimidate, and threaten Plaintiff's job.

41. Defendant Lynch would show Brandon Huston special treatment by allowing Huston to get newly-hired employee orders for new TV and/or Internet service instead of fairly distributing these sales to all employees, black and white alike. As manager, she constantly gave beneficial opportunities to her favorite black employees. Lynch discriminated based on color and age, not ability.

42. Defendant Lynch further discriminated against the white salesmen when it came to allowing retail sales associates to use their allotted time off.

43. Defendant Lynch fired Kyle Johnson, a white salesman, for missing work to stay home to care for his sick child. Lynch would not allow him to use his allotted paid time off.

44. However, Lynch treated Hispanic salesperson Nathan Gonzales—who, like Kyle Johnson, missed work for the sake of his children--with respect and went out of her way to assist him. The racial discrimination was evidenced by Lynch treating the two men—Johnson and Gonzales—with the same issue in exact opposite ways—with accommodation for Gonzales and punishment for Johnson.

45. Another white salesperson, Brittni Haston was not allowed the same privileges as a black salesperson, Kenisha LNU. Both women were at an uncomfortable point late in their pregnancies. Lynch provided Kenisha LNU special treatment. Lynch allowed Kenisha LNU to sit and pull up a chair whenever Kenisha LNU needed to be in

9

the front of the store. However, Lynch did not afford Brittni Haston the same consideration, forcing Haston to stand.

46. Defendant Lynch did not hold black employees to the same standards for offering service to all customers. She constantly employed inconsistent enforcement of rules based on race and age.

47. Defendant Lynch would allow African American, Darian Carter to take personal breaks for long lengths of time by sitting in the back room.

48. Defendant Lynch had an "undivided attention" rule of never leaving a customer alone, no matter what. However, Defendant Lynch's rules applied only to her white salespersons who were under hyper scrutiny from Defendant Lynch, but not to the black salespersons.

49. Defendant Lynch would allow the black employees to suddenly disappear when they viewed a potentially unhappy or problem customer. They learned to avoid these customers, and unfairly Defendant Lynch would say nothing to the black employees and even help them watch for a customer who would be a "great sale".

50. Because Defendant Lynch allowed black employees to disappear, wander off, and abandon any problem customers on the floor, or even disengage with customers who were put on the phone with customer care, Plaintiff Bernzen would often be tied up acting as a "problem solver" for said customers. Unfortunately, however, being a problem solver did not result in sales or commissions made. So, in effect, being a problem solver negatively impacted Plaintiff's sales.

10

51.   Defendant Lynch's discriminatory actions again affected Plaintiff's ability to earn a satisfactory wage as salespersons were always judged and paid on the sales record, not by how many disgruntled customers were made happy.

52.   Defendant Lynch would then harass and belittle Plaintiff for a disappointing sales record.

53.   Defendant Lynch would berate and scold Plaintiff and threaten the loss of his job if he did not demonstrate Direct TV to everyone that came into the store.

54.  Black employees were not subjected to these same threats or harassing tactics.

55.   Defendant Lynch did not threaten the African Americans with the loss of their jobs.  Lynch's demands of those she supervised continually depended on race or age.

55.   Defendant Lynch used her managerial position to discharge white employees or created an openly hostile environment to forcibly cause white employees to quit.

56.   Plaintiff watched Kyle Johnson, Josh Simpson, Jess Herman, and other white employees be driven out through discrimination and harassment inflicted by Defendant Lynch.

57.   Defendant Lynch allowed and even encouraged workplace age discrimination and harassment toward Plaintiff.

58.   Plaintiff Bernzen was the oldest of the sales consultants at the Independence store.

59.  Defendant Lynch was aware of the disparaging comments made by some of

11

the younger employees about Bernzen's age.

60. Plaintiff Bernzen sought guidance and help from Defendant Lynch about the hurtful age-related comments, especially the one-liners that were becoming quite harsh and annoying.

61. As manager, as a person of authority working and trained by AT&T, Defendant Lynch should have enforced a zero-tolerance policy for "joking" about age.

62. Instead, Defendant Lynch found the comments to be funny and a source of personal amusement for her.

63. Lynch would allow these inconsiderate age-related comments from the black employees. Lynch thought it was funny when Brandon would say, "Bob, you are just older than dirt"; Darren would say, "Bob probably knew Hitler"; "Bob knew Moses"; "Bob, needs a nap"; or "You [Bernzen] are 80 years old."

64. Not only was Defendant Lynch aware of the age-related insults, Lynch contributed, condoned, and encouraged this harassing behavior.

65. Lynch instigated an incident making fun of Plaintiff's age. Often at lunch, Plaintiff would eat his lunch in his truck, enjoying the peace and quiet before heading back in to work. Since Bernzen was on his own time, he would close his eyes and take a short, refreshing power nap.

66. Defendant Lynch saw Plaintiff Bernzen taking one of these naps and

12

subsequently pulled out her cell phone and video taped him. Plaintiff came back into the store to find Defendant Lynch laughing and sharing the video with all the other store employees and openly ridiculing Plaintiff's age.

67.    Defendant Lynch gleefully allowed Plaintiff to be an object of ridicule and belittlement at her directive and through her position of authority at the store.

68.    Defendant Lynch always turned a blind eye to these outward forms of age discrimination directed at Plaintiff Bernzen, even though Plaintiff had asked her privately and professionally to discourage these age-based comments.

69.    Throughout the course of the discriminatory treatment perpetuated against Plaintiff at the hands of Defendant Lynch, Plaintiff suffered embarrassment, humiliation, and emotional distress.

70.    Defendant Lynch's management style became so severe and so hostile, that Plaintiff began to despair and became an emotional wreck.

71.    Plaintiff knew that he was being targeted by Defendant Lynch as an older white man and suffered greatly both financially and emotionally at her hands during the time while Defendant Lynch was manager.

72.    Plaintiff believed Defendant Lynch was trying to create a work environment so discriminatory and hostile that Plaintiff would be forced to quit as he would be unable to suffer the abuse much longer.

73.    In July 2017, Defendant Lynch was once again promoted again by AT&T, Resulting in her departure from general manager of the Independence store.

13

74.   With the departure of Defendant Lynch, the environment at the Independence Independence store improved dramatically.

75.    Lynch's discriminatory and hostile actions have detrimentally impacted Bernzen's economic well-being.

76.    Lynch's discriminatory and hostile actions have had a devastating toll on Bernzen's self-esteem and the previous zealousness Bernzen possessed to advance his career into management at AT&T.  Further, Bernzen cannot regain the two years of harm to his career and ill treatment he endured while Lynch was his workplace superior.

77.    Defendant Lynch used her Independence Store managerial position to intimidate, harass, and discriminate against Plaintiff Bernzen.

78.    The intimidating, harassing, and discriminating actions of Defendant Lynch have greatly damaged Plaintiff's everyday workplace sales confidence.   Confidence is an essential element for success in sales, for successful interactions with others, and for thriving interpersonal relationships.

79.    Based upon the foregoing, it is apparent that Plaintiff Bernzen was discriminated against and harassed in the workplace due to his race and age, and not due to his work performance.

## COUNT I

### RACIAL DISCRIMINATION AGAINST PLAINTIFF BY
### DEFENDANTS AT&T AND LYNCH

80.   Plaintiff hereby incorporates the previous Paragraphs 1 through 79 as fully

14

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

set forth herein.

81.   Defendants AT&T's and Lynch's actions, as noted above, constituted racial discrimination against Plaintiff in violation of the MHRA §213.055 (2016).

82.   Defendants AT&T and Lynch's' actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted vast disparity of treatment toward Plaintiff and other white employees, in comparison to similarly situated individuals who were black; and therefore, Defendant AT&T's and Lynch's actions were unlawful employment practices in violation of the MHRA.

83.   Plaintiff's race (white or Caucasian) was *a contributing factor* in Defendant AT&T's and Lynch's decision to discriminate against Plaintiff.    Plaintiff was treated disparately as compared to similarly situated black employees under AT&T's employment and Lynch's supervision.

84.   Defendants AT&T and Lynch knew that their actions toward Plaintiff were unlawful at the time they were taken.

85.   Defendants AT&T and Lynch's acts were undertaken maliciously and/or in reckless disregard of Plaintiff's right to be free from discrimination.

86.   Plaintiff has been damaged both economically and emotionally by Defendants AT&T's and Lynch's unlawful employment actions.

**WHEREFORE**, Plaintiff prays that this Court render judgment in his favor and against Defendants AT&T and Lynch, jointly and severally, for a fair and reasonable amount more than twenty-five thousand dollars ($25,000.00) including the

15

following:

     a.  declare the conduct engaged in by Defendants AT&T and Lynch to be in violation of Plaintiff's rights;

     b.  award Plaintiff actual damages including front pay, future pay, lost wages, and lost benefits;

     c.  award Plaintiff compensatory and punitive damages;

     d.  award Plaintiff damages for emotional pain and suffering;

     e.  award Plaintiff reasonable attorney's fees and costs incurred herein; and

     f.  grant such other relief as it may deem just and proper in the premises.

## COUNT II

### RACIALLY HOSTILE WORK ENVIRONMENT AGAINST PLAINTIFFS BY DEFENDANTS AT&T AND LYNCH

87.    Plaintiff hereby incorporates Paragraphs 1 through 86 as fully set forth herein.

88.  Defendants AT&T's and Lynch's actions, as noted above, created a racially hostile work environment in violation of the MHRA.

89.  Defendants AT&T and Lynch engaged in actions and activities that created an atmosphere where white employees were subject to open hostility.

90.    Plaintiff's race (Caucasian) was a *contributing factor* in Defendants

16

AT&T's and Lynch's decisions to engage in actions that created a hostile workplace environment for white employees who worked there.

91. Defendants AT&T and Lynchs' actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted vast disparity of treatment toward Plaintiff in comparison to similarly situated individuals who were black; therefore, Defendants AT&T and Lynchs' actions were unlawful employment practices in violation of the Missouri Human Rights Act.

92. Defendants AT&T and Lynch knew that their actions toward Plaintiff were unlawful at the time the actions were taken.

93. Defendants AT&T and Lynchs' acts were undertaken maliciously and/or in reckless disregard of Plaintiff's right to be free from discrimination.

94. Plaintiff has been damaged by Defendants AT&T and Lynchs' unlawful actions.

**WHEREFORE**, Plaintiff prays that this Court render judgment in his favor and against Defendants AT&T and Lynch, jointly and severally, for a fair and reasonable amount more than twenty-five thousand dollars ($25,000.00) including the following:

a. declare the conduct engaged in by Defendants AT&T and Lynch to be in violation of Plaintiff's rights;

b. award Plaintiff actual damages including front pay, future pay, lost wages, and lost benefits;

c. award Plaintiff compensatory and punitive damages;

17

d.   award Plaintiff damages for emotional pain and suffering, including

suffering depression and medical treatment;

e.   award Plaintiff reasonable attorney's fees and costs incurred herein; and

f.   grant such other relief as it may deem just and proper.

## COUNT III

### AGE DISCRIMINATION AGAINST PLAINTIFF BY
### DEFENDANTS AT&T AND LYNCH

95.   Plaintiff hereby incorporates Paragraphs 1 through 94 as fully set forth herein.

96.   Defendants AT&T and Lynch's actions, as noted above, constituted age discrimination against Plaintiff in violation of the MHRA §213.055 (2016).

97.   Defendants AT&T's and Lynchs' actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted vast disparity of treatment toward Plaintiff in comparison to similarly situated individuals who were not in the protected age group, and therefore, Defendants AT&T and Lynchs' actions were unlawful employment practices in violation of the MHRA.

98.   Plaintiff's age was *a contributing factor* in Defendants AT&T and Lynch's decision to treat Plaintiff disparately, as compared to employees not in the protected age group at the Independence Store.

99.   Defendants AT&T and Lynch knew that their actions toward Plaintiff were unlawful at the time they were taken.

18

100.    Defendants AT&T's and Lynch's acts were undertaken maliciously and/or in reckless disregard of Plaintiff's right to be free from discrimination.

101.    Plaintiff has been damaged by Defendants AT&T's and Lynchs' unlawful employment actions.

**WHEREFORE**, Plaintiff prays that this Court render judgment in his favor and against Defendants AT&T and Lynch, jointly and severally, for a fair and reasonable amount more than twenty-five thousand dollars ($25,000.00) including the following:

a.  declare the conduct engaged in by Defendants AT&T and Lynch to be in violation of Plaintiff's rights;

b.   award Plaintiff actual damages including front pay, future pay, lost wages, and lost benefits;

c.   award Plaintiff compensatory and punitive damages;

d.   award Plaintiff damages for emotional pain and suffering.

e.   award Plaintiff reasonable attorney's fees and costs incurred herein; and

f.   grant such other relief as it may deem just and proper.

## COUNT IV

**WORKPLACE HARASSMENT BASED ON AGE AGAINST PLAINTIFF CREATED BY DEFENDANTS AT&T AND DEFENDANT LYNCH**

19

101.    Plaintiff hereby incorporates Paragraphs 1 through 100 as fully set forth herein.

102.    Defendants AT&T and Lynch engaged in actions and activities that created an atmosphere where employees in Plaintiff's age group were subject to open hostility.

103.    Plaintiff's age was *a contributing factor* in Defendants AT&T's and Lynch's decisions to engage in actions that created a hostile workplace environment based on age.

104.    Defendants AT&T's and Lynchs' actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted vast disparity of treatment toward Plaintiff in comparison to similarly situated individuals who were not in the protected age group, and therefore, Defendants AT&T's and Lynchs' actions were unlawful employment practices in violation of the Missouri Human Rights Act.

105.    Defendants AT&T and Lynch knew that their actions toward Plaintiff were unlawful at the time the actions were taken.

106.    Defendants AT&T's and Lynch's acts were undertaken maliciously and/or in reckless disregard of Plaintiff's right to be free from discrimination.

107.    Plaintiff has been damaged by Defendants AT&T's and Lynch's unlawful actions.

**WHEREFORE**, Plaintiff prays that this Court render judgment in his favor and against Defendants AT&T and Lynch, jointly and severally, for a fair and reasonable amount more than twenty-five thousand dollars ($25,000.00) including

20

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

the following:

    a.  declare the conduct engaged in by Defendants AT&T and Lynch to be in violation of Plaintiff's rights;

    b.  award Plaintiff actual damages including front pay, future pay, lost wages, and lost benefits;

    c.  award Plaintiff compensatory and punitive damages;

    d.  award Plaintiff damages for emotional pain and suffering;

    e.  award Plaintiff reasonable attorney's fees and costs incurred herein; and

    f.  grant such other relief as it may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues triable by a jury in this Petition for Damages.

Respectfully submitted,

Charlie Dickman, #50993
600 Broadway, Suite 490
Kansas City, MO 64105
Tel: (816) 505-1906
Fax: (888) 474-6649
cdickman@dickmanlaw.com
ATTORNEY FOR PLAINTIFF

21

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | Agency | Charge Number |
|---|---|---|
| | FBPA | E - 11/17 - 48880 |
| | EEOC | |

### TO:

## Missouri Commission on Human Rights and EEOC

| NAME (Indicate Mr., Ms., Mrs.) | CELL TELEPHONE NUMBER |
|---|---|
| Mr. Robert Bernzen | 217-303-1770 |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | DATE OF BIRTH (MM/DD/YY) |
|---|---|
| 1510 NW Weatherstone Lane, Blue Springs, Missouri 64015 | 05/11/1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| AT&T Mobility Services LLC | Thousands of Employees Nationwide | (816) 795-6300 |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | | COUNTY |
|---|---|---|
| 19210 East 39th Street, Suite A, Independence, MO 64057 | | Jackson |

| Iesha Lynch Retail Sales Manager Store | NO. OF EMPLOYEES, MEMBERS Thousands of Employees Nationwide | TELEPHONE (Include Area Code) 816-795-6300 |
|---|---|---|

| STREET ADDRESS    CITY, STATE AND ZIP CODE | | COUNTY |
|---|---|---|
| 19210 East 39th Street, Suite A, Independence, MO 64057 | | Jackson |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| RACE _X_    NATIONAL ORIGIN ____    RELIGION____ RETALIATION ____  AGE **X**    SEX ____ DISABILITY ___    COLOR____  OTHER (specify) _hostile work environment and harassment_ | From JULY 2015 to JULY 2017 |

### ALL FACTS HEREIN OCCURRED BEFORE AUGUST 28, 2017.

I, ROBERT BERNZEN, am a 54 year old white male. It is my contention that I have been subjected to race, color, and age discrimination, harassment and hostile work environment at the hands of my supervisor, Iesha Lynch, Independence Store Manager and my employer AT&T Mobility. The age and racial discrimination is in violation of Title VII of the Civil Right Act of 1964 (as amended in 1991) and the Missouri Human Rights Act.

Some, but not all of the acts of race and age discrimination, harassment and hostile work environment are as follows:

**FILED**

NOV **2 2** 2017

MO Commission on Human Rights
Jefferson City Office

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

I, Robert Bernzen, was officially hired by AT&T Mobility on October 6, 2014. I began my employment at the Independence, Missouri retail store, and it has served as my home base since that time.

During the course of my employment with AT&T Mobility, I worked as a Retail Sales Consultant (RSC). My duties included selling AT&T phones and device products, TV, internet, U-Verse, and more recently, Direct TV. I am a hard-working, reliable, and capable sales consultant.

At first, I felt very fortunate to be working for AT&T. I was determined to develop my abilities in selling. I worked hard and trained specifically to perfect the bridge enabling me to make the effective transition from one product to another and thereby becoming a productive and accomplished salesperson. I knew my efforts to develop these skills would provide better pay, better employee rankings for me within the store allowing me to move up the career ladder with AT&T, and a good life, in general. The management I hired in under had allowed me to sharpen my skills, and I was able to identify what I needed to do to be a valued employee.

However, management changed at the Independence store in July of 2015 with the arrival of Iesha Lynch as the new store manager. Iesha's style of management was so different from the previous manager. Iesha managed her store through intimidation, through exerting constant pressure by threatening the loss of your job, and through the eagle eye of micro-managing. She employed tactics of discrimination and playing favorites. She pitted the black and white employees against one another.

The dynamics of the store changed. Fear was the overriding result of this new management style. I knew I was not doing anything "wrong". I had been well-trained and knew what to do to be successful. However, it was immediately apparent that Iesha was targeting me and other white employees as **not** being persons she valued as employees, regardless of what we did to try to please her.

Iesha went out of her way to disparage the white men at the store. Extra consideration was given to the African American men in Iesha's efforts to play favoritism. For example, our business partner to the store would frequently give our store extra opportunities for business lines (gross ads). These extra opportunities (business lines) would be given to Brandon Huston, Darren Iverson, and Darian (LNU), the African American (black) men. By giving only the African American men these opportunities, it caused me and other white men to miss sales opportunities. Then when our monthly sales were not equal to Brandon's, for example, Iesha would hold it over our heads and condemn us, as if it was our fault and not hers.

FILED

NOV 2 2 2017

MO Commission on Human Rights
Jefferson City Office

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

As manager, she did not afford us the same sales opportunities. These actions of Iesha's were clearly discriminatory. As manager it was her duty to prevent discrimination from occurring.

I tried to address this favoritism and its consequences with Iesha. For speaking up, I was told by Iesha that she was the manager and she could do what she wanted with these extra sales and that she chose to give them to her top performers. Furthermore, she did not have to explain her decisions to me. She would not listen when I tried to explain the penalty of her actions was, in fact, creating a "cycle of failure" by not allowing me and others to become top performers. These preferential actions of hers were in fact, creating her "top performers".

Brandon Huston, an African American favorite of Iesha's, was also offered the opportunity to go to our 63rd Street office location to sell accessories to employees when we had promotions to offer them. These promotions were better than the employees usual discount. As a result of these sales opportunities and deep discounts that he was able to offer, Brandon would gain a definite advantage to make more money and improve his sales record than the rest of us. He also had the benefit of selling to a captive audience. Iesha did not make this advantage available to the rest of us. She was openly discriminating by ensuring he became a top performer. Then she would use Brandon's sales record to scold, intimidate, and threaten our jobs.

Additionally, when a new employee was hired, Iesha would allow Brandon Huston to be the salesperson to get the new employee's order for new TV and/or Internet service. Iesha, as store manager, should have spread these sales around to make it fair for all the employees, black and white. As manager, she constantly gave beneficial opportunities to her favorites. She discriminated based on color, not ability.

Iesha would always assume the worst of the white salesmen. She actually fired a fellow salesperson, Kyle Johnson, for missing work several times when he had no choice but to stay home to care for his sick child She would not allow him to use his allotted paid time off. She would assign absentee points and treat him differently from another fellow Hispanic salesperson, Nathan Gonzales. Nathan Gonzales also had to miss work several times in order to see his child who lived a long distance away. The circumstances were similar in that both fathers had to miss work for the sake of their children. However, Iesha would berate Kyle and threaten his job. The discrimination was evidenced by Iesha going out of her way to accommodate Nathan, but giving the exact opposite - punishing treatment to Kyle.

Not only were while men treated discriminatorily, but a white salesperson, Brittni Haston was not allowed the same privileges as a black salesperson, Kenisha (LNU). Both women were pregnant and at an uncomfortable point in their pregnancy. Kenisha was given special treatment by Iesha. She allowed Kenisha to sit and pull up a chair whenever she needed to be in the front of the store. Brittni was not allowed that same consideration.

FILED

NOV 2 2 2017

MO Commission on Human Rights
Jefferson City Office

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

Iesha encouraged and allowed age discrimination toward me. I was the oldest of the Sales Consultants. Iesha was aware of the disparaging comments made by some of the younger employees about my age (50's). I spoke to Iesha about how the comments, often hurtful one liners, were becoming quite harsh and annoying. She found the comments to be funny and a source of amusement for her. She would allow these inconsiderate age related comments from the black employees. She thought it was funny when Brandon would say, "Bob, you are just older than dirt"; Darren would say, "Bob probably knew Hitler"; or times I would have to hear, "Bob knew Moses"; "Bob, needs a nap"; or "You are 80 years old". As manager, as a person of authority working and trained by AT&T, she should have enforced a zero tolerance policy for "joking" about age.

Not only was Iesha aware of this, she contributed, condoned, and encouraged this harassing behavior. Our break room was small and usually very busy. As a result, I would often take my lunch out to my truck and eat there enjoying the peace and quiet before heading back in. On occasion, since it was my time, I would take a short, refreshing power nap. During one of these naps, Iesha came out to my truck to tell me a customer had personally requested me. She found me taking one of these naps, so before she woke me, she pulled out her cell phone and video-taped me. She was laughing outright because I was taking a nap. She went back into the store and shared this video of me with everyone. I came back into the store to find Iesha and others making fun of my age. Iesha found great glee that she had caught me napping and that I was facing ridicule when I walked back into the store. She seemed to enjoy this display of belittlement toward me and my age. She always turned a blind eye to these outward forms of age discrimination directed at me even though I had asked her privately and professionally to discourage these age-based comments.

Iesha would allow other African American employees privileges not allowed to white employees. For instance, she would allow Darian (LNU) to take personal breaks for long lengths of time by sitting in the back room. She had inconsistent enforcement of rules, showing favoritism toward her African American favorites. While she allowed this, the other employees would have to pick up the slack this caused on the floor.

It became commonplace for salespersons to watch as potential customers would get out of their vehicles. It became obvious that some customers were not there "to buy", but instead to get "problems fixed". Employees could spot the differences by what the customers were carrying or even by their age or looks. Of course, if you got a customer with problems, you had the potential to be tied up for a substantial length of time and you could be dealing with an unhappy customer, as well. You would be missing opportunities for sales. You were always judged and paid on your sales record, not by how many disgruntled customers you had made happy.

Iesha, as manager would again discriminate by race. She would allow the black employees to suddenly disappear when they viewed a potentially unhappy or problem customer. They learned to avoid these customers, and Iesha would say nothing to the black employees when

FILED

NOV 22 2017

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

this happened. She would even go in the back and carry on conversations with them and help them watch for a customer who would be a "great sale". Iesha neither instructed nor held the black employees to the same standards for offering service to all customers. She constantly employed "inconsistent enforcement of rules" based on color, race, and age.

Likewise, the black employees were allowed to disappear or wander off and abandon any problem customers on the floor, or disengage with customers who were put on the phone with customer care. This was specifically against the rules set by Iesha. She had an "undivided attention" rule of never leaving a customer alone, no matter what. Again, Iesha's rules applied only to her white salespersons who were under hyper scrutiny from Iesha, but not to the black salespersons.

Iesha would further discriminate by race by threatening the whites with the loss of their job if they did not demonstrate Direct TV to each and every customer. It did not matter if the customer was only there to pay a bill and using the Kiosk, or if you had approached them before, nor whether they already had Direct TV, nor whether they declined due to their time schedule, etc. It did not matter if you, in fact, irritated the customer with the badgering. She wanted us to drag them over to a TV and show the product. If we did not, no matter what, she would berate and scold the white employees. She would tell us we would be fired the next time we did not demonstrate Direct TV to everyone that came into the store. However, she did not employ these same tactics with the black employees. I could use the exact same words, do the exact same thing when selling or dealing with customers as the African American members of the sales team, but I would be treated differently. Iesha did not threaten the African Americans with the loss of their jobs. Her job demands of those she supervised, habitually depended on your race or color.

Finally, Iesha's management style became so severe and so hostile, that I began to despair and became an emotional wreck. I had watched Kyle Johnson, Josh Simpson, Jess Herman, and other white employees be driven out through discrimination and harassment. I knew I was being targeted by Iesha. I suffered greatly both financially and emotionally at her hands during the time while Iesha was manager. I believed it was just a matter of time before I would be fired or where I would reach the point of not being able to weather the abuse any longer.

In July 2017, Iesha was promoted by AT&T and left the Independence store. The atmosphere at the store dramatically improved with her departure. However, I know that the toll taken by her discriminatory and hostile actions had detrimentally affected my past, present, and future finances. I had wanted to go into management at AT&T myself eventually. The hopes of that pursuit have now been dashed. The reality is that I will not be able to advance my career monetarily, since advancement in the company is through the doors of management. Iesha's discriminatory actions and harassment had damaged my confidence - a essential element for success in sales, my interactions with others, and my interpersonal relationships. Further, AT&T failed me by allowing me to be subjected to such debilitating age and race discrimination at the hands of its chosen manager, Iesha Lynch.

FILED

NOV 22 2017

MO Commission on Human Rights
Jefferson City Office

Based upon the foregoing, it is apparent that I was discriminated against due to my race and age, not due to my job performance. I was harassed and subjected to a hostile work environment created by this racial and age discrimination.

Accordingly, I am seeking all remedies available to me under the law, including equitable relief, lost wages, lost benefits, future pay, compensatory damages, punitive damages, and attorney's fees.

Please note that in 2014, as shown on Missouri Case Net, both Iesha Lynch and AT&T Mobility Services, LLC, were sued for employment discrimination in the Circuit Court of Cass County, Missouri, by the following seven plaintiffs: M E Sale, D L Bram, A M Rennau, Crystal Clark, Elizabeth Yount, Jason Speier, and Jonathan Boren.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Notary – (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date *11/22/2017* Charging Party (Signature) | SUBSCRIBED AND SWORN BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Test 10/94)

KRISTINA K. DAVIS
Notary Public-Notary Seal
State of Missouri, St Louis County
Commission # 14572064
My Commission Expires Jan 27, 2018

11/22/17

# FILED

NOV 22 2017

MO Commission on Human Rights
Jefferson City Office

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| ERIC R. GREITENS GOVERNOR | ANNA S. HUI DEPARTMENT DIRECTOR | MIKE DIERKES ACTING COMMISSION CHAIRPERSON | ALISA WARREN, PH.D. EXECUTIVE DIRECTOR |
|---|---|---|---|

Robert Bernzen
1510 N.W. Weatherstone Lane
Blue Springs, MO 64015

RE: Robert Bernzen vs. AT&T MOBILITY SERVICES, LLC ET AL
E-11/17-48880  28E-2018-00262C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge.  Not only must any action brought in court pursuant to this right to sue authorization be filed within 90 days from the date of this letter, any such case must also be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause.

**IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE (AND WITHIN TWO YEARS OF THE ALLEGED CAUSE, OR THE DISCOVERY OF THE ALLEGED CAUSE, OF YOUR COMPLAINT), YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is administratively closing this case and terminating all MCHR proceedings relating to your complaint.  You may not reinstate this complaint with the MCHR or file a new complaint with the MCHR relating to the same act or practice, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter. This notice of right to sue has no effect on the suit-filing period of any federal claims.

This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint.  **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.  Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

<u>May 22, 2018</u>
Date

C:     additional contacts listed on next page

| ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|

| 3315 W. TRUMAN BLVD. P.O. BOX 1129 JEFFERSON CITY, MO 65102-1129 PHONE: 573-751-3325 FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903 ST. LOUIS, MO 63101-2100 PHONE: 314-340-7590 FAX: 314-340-7238 | P.O. BOX 1300 OZARK, MO 65721-1300 | 1410 GENESSEE, SUITE 260 KANSAS CITY, MO 64102 FAX: 816-889-3582 | 106 ARTHUR STREET SUITE D SIKESTON, MO 63801-5454 FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

RE:    Robert Bernzen vs. AT&T MOBILITY SERVICES, LLC ET AL
E-11/17-48880  28E-2018-00262C

AT&T MOBILITY SERVICES, LLC ET AL
ATTN: Human Resources Director
19210 East 39th Street, Suite A
Independence, MO 64057

ATTN: Iesha Lynch, Retail Sales Manager

Derek Zamagni
AT&T SERVICES, INC.
105 Auditorium Circle, 12-H-80
San Antonio, TX 78205

Charlie Dickman
ATTORNEY AT LAW
600 Broadway, Suite 490
Kansas City, MO 64105

Electronically Filed - Jackson - Independence - August 14, 2018 - 12:09 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

ROBERT G BERNZEN,

                    **PLAINTIFF(S),**               **CASE NO. 1816-CV20883**

**VS.**                                            **DIVISION 2**

AT&T MOBILITY SERVICES LLC,

                    **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **KENNETH R GARRETT III** on **17-DEC-2018** in **DIVISION 2** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ KENNETH R GARRETT III_
KENNETH R GARRETT III**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CHARLES R DICKMAN, 600 BROADWAY SUITE 490, KANSAS CITY, MO 64105

Defendant(s):
AT&T MOBILITY SERVICES LLC
IESHA LYNCH

Dated:  16-AUG-2018                                    MARY A. MARQUEZ
                                                       Court Administrator

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☐ AT KANSAS CITY   ☒ AT INDEPENDENCE

**RE**:   **ROBERT G BERNZEN V AT&T MOBILITY SERVICES ET AL**
**CASE NO:**   **1816-CV20883**

**TO:**   **CHARLES R DICKMAN**
   **600 BROADWAY SUITE 490**
   **KANSAS CITY, MO  64105**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>8/14/2018</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☒ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:**   **If service is needed, please efile service instructions.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed AUGUST 16, 2018 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

AUGUST 16, 2018
_____
Date

By _____
Deputy Court Administrator
☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| BOB BERNZEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1816-CV20883 |
| | ) | |
| AT&T MOBILITY SERVICES, LLC. ET AL., | ) | Division No. |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Kevin Baldwin, Eric Vernon and Sylvia Hernandez of Baldwin & Vernon, LLC and

enters their appearance as attorney of record along with Charlie Dickman for the plaintiff in the above-

referenced matter.

Respectfully submitted,

By: _/s/ Kevin Baldwin_____

Kevin Baldwin #49101
Eric E. Vernon #47007
Sylvia A. Hernandez #70670
14 S. Main St.
Liberty, MO 64068
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net

And

Charlie Dickman, #50993
600 Broadway, Suite 490
Kansas City, MO 64105
Tel: (816) 505-1906
Fax: (888) 474-6649
cdickman@dickmanlaw.com

**CERTIFICATE OF SERVICE**

1

Electronically Filed - Jackson - Independence - August 20, 2018 - 08:26 AM

I hereby certify that a copy of the foregoing has been sent via electronic filing this 20th day of August, 2018, to:

By: __/s/ Kevin Baldwin_____
Kevin Baldwin, Counsel for Plaintiff

Electronically Filed - Jackson - Independence - October 04, 2018 - 09:26 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| BOB BERNZEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1816-CV20883 |
| v. ) | |
| ) | Division No. |
| AT&T MOBILITY SERVICES, LLC. ET ) | |
| AL., ) | |
| ) | |
| Defendants. ) | |

**REQUEST FOR ALIAS SUMMONS'**

COMES NOW, Plaintiff, Bob Bernzen, by and through his attorneys of record, Baldwin

and Vernon, pursuant to Rule 54.01 V.A.M.R. and hereby requests that an Alias Summons be

issued to be served upon Defendant Iesha Lynch to be served by the Greene County Sheriff.

Respectfully submitted,

By:  _/s/ Kevin Baldwin_____

Kevin Baldwin #49101
Eric E. Vernon #47007
Sylvia A. Hernandez #70670
14 S. Main St.
Liberty, MO 64068
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net

And

Charlie Dickman, #50993
600 Broadway, Suite 490
Kansas City, MO 64105
Tel: (816) 505-1906
Fax: (888) 474-6649
cdickman@dickmanlaw.com



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>KENNETH R GARRETT III | Case Number:  1816-CV20883 |
|---|---|
| Plaintiff/Petitioner:<br>ROBERT G BERNZEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES R DICKMAN<br>600 BROADWAY SUITE 490<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>AT&T MOBILITY SERVICES LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | *(Date File Stamp)* |

## Summons in Civil Case

| The State of Missouri to: | **AT&T MOBILITY SERVICES LLC**<br>**Alias:** |
|---|---|

**CT CORPORATION**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**

*COURT SEAL OF*

*JACKSON COUNTY*

          You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

04-OCT-2018
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
     Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                     Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $     10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1816-CV20883 |
|---|---|
| Plaintiff/Petitioner:<br>ROBERT G BERNZEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES R DICKMAN<br>600 BROADWAY SUITE 490<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>AT&T MOBILITY SERVICES LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **IESHA LYNCH**
　　　　　　　　　　　　　　　**Alias:**

**560 WEST BRYANT STREET**
**SPRINGFIELD, MO  65810**

*COURT SEAL OF*

*JACKSON COUNTY*

　　　　　　　　**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

23-OCT-2018
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　　　_____
Printed Name of Sheriff or Server　　　　　　　　　　　Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____　　　_____
　　　　　　　　　　　　　　Date　　　　　　　　　　　　　　　　Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| BOB BERNZEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1816-CV20883 |
| | ) | |
| AT&T MOBILITY SERVICES, LLC. ET | ) | Division No. |
| AL., | ) | |
| | ) | |
| Defendants. | ) | |

**REQUEST FOR ALIAS SUMMONS'**

COMES NOW, Plaintiff, J.D. Simpson, by and through his attorneys of record, Baldwin

and Vernon, pursuant to Rule 54.01 V.A.M.R. and hereby requests that an Alias Summons be

issued to be served upon Defendant AT&T Mobility Services, LLC to be served by the St. Louis

County Sheriff.

<div style="margin-left: 40%;">

Respectfully submitted,

By: _/s/ Kevin Baldwin_____

Kevin Baldwin #49101
Eric E. Vernon #47007
Sylvia A. Hernandez #70670
14 S. Main St.
Liberty, MO 64068
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net

And

Charlie Dickman, #50993
600 Broadway, Suite 490
Kansas City, MO 64105
Tel: (816) 505-1906
Fax: (888) 474-6649
cdickman@dickmanlaw.com

</div>

1



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | **Case Number: 1816-CV20883** |
| Plaintiff/Petitioner:<br>ROBERT G BERNZEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES R DICKMAN<br>600 BROADWAY SUITE 490<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>AT&T MOBILITY SERVICES LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | **AT&T MOBILITY SERVICES LLC**<br>**Alias:** |

CT CORPORATION
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

30-OCT-2018
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                              Date                                            Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id# 18-SMCC-11295** 2    of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:18-cv-00987-DGK   Document 1-2   Filed 12/17/18   Page 42 of 56

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



4:30  1/2                                    LIT 11/15  0953
                                                              JG

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

FILED-CIRCUIT COURT
JACKSON CO., MO-1
18 NOV 26 PM 12: 42

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1816-CV20883 |
| Plaintiff/Petitioner:<br>ROBERT G BERNZEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES R DICKMAN<br>600 BROADWAY SUITE 490<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>AT&T MOBILITY SERVICES LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: IESHA LYNCH

560 WEST BRYANT STREET
SPRINGFIELD, MO 65810

Alias:
B 213                                              OCT 29 2018

COURT SEAL OF

JACKSON COUNTY

    You are summoned to appear before this court and to file your pleading to the petition, a copy of
which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the
above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to
file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-OCT-2018
_____                          _____
Date                                                    Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant/Respondent's family over the age of 15 years who
permanently resides with the Defendant/Respondent.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

[ ] other

Served at 560 W Bryant B 213 _____ (address)

in Greene _____ (County/City of St. Louis), MO, on 11/16/18 (date) at 16/18 (time).

Jim Arnott                                      Michael Wassis
Printed Name of Sheriff or Server               Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                        Date                          Notary Public

## Sheriff's Fees

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | 43.93 |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | 10.00 |
| Mileage | $ _____ | ( _____ miles @ $ _____ per mile) |
| Total | $ _____ | NOV 13 2018 |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of
suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 18-SMCC-10984** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

SSPer–1

Case 4:18-cv-00987-DGK   Document 1-2   Filed 12/17/18   Page 44 of 56



SB 11-30

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Independence - November 29, 2018 - 04:53 PM

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1816-CV20883 |
|---|---|
| Plaintiff/Petitioner:<br>ROBERT G BERNZEN | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES R DICKMAN<br>600 BROADWAY SUITE 490<br>KANSAS CITY, MO 64105 |
| vs. | |
| Defendant/Respondent:<br>AT&T MOBILITY SERVICES LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AT&T MOBILITY SERVICES LLC
Alias:

CT CORPORATION
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105          30 CTCORe

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

30-OCT-2018
_____
Date                                          Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
**LCW – A. BRANDON** (name) **INTAKE SPECIALIST** (title)

☐ other _____

Served at  CT CORPORATION (address)

in St. Louis County (County/City of St. Louis), MO, on NOV 21 2018 (date) at _____ (time)

LEISINGER
_____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                        Date          Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

18-SMCC-9806

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 18-SMCC-11295  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - November 29, 2018 - 04:53 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   SYLVIA ALEJANDRA HERNANDEZ, Attorney for Plaintiff
SERVICE EMAIL:   sylvia@bvalaw.net


SERVICE PARTY:   C KEVIN BALDWIN, Attorney for Plaintiff
SERVICE EMAIL:   kevin@bvalaw.net


SERVICE PARTY:   CHARLES R DICKMAN, Attorney for Plaintiff
SERVICE EMAIL:   cdickman@dickmanlaw.com


SERVICE PARTY:   ERIC EUGENE VERNON, Attorney for Plaintiff
SERVICE EMAIL:   eric@bvalaw.net

Electronically Filed - Jackson - Independence - November 29, 2018 - 04:53 PM



SB 11-30

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1816-CV20883 |
|---|---|
| Plaintiff/Petitioner:<br>ROBERT G BERNZEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES R DICKMAN<br>600 BROADWAY SUITE 490<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>AT&T MOBILITY SERVICES LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AT&T MOBILITY SERVICES LLC
Alias:

CT CORPORATION
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

30 CTCORe

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of** which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

30-OCT-2018
Date

Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

**LCW – A. BRANDON** _____ (name) **INTAKE SPECIALIST** _____ (title)

☐ other _____

Served at CT CORPORATION _____ (address)

in St. Louis County _____ (County/City of St. Louis), MO, on NOV 2 1 2018 (date) at _____ (time)

LEISINGER
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                          Date                              Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ (_____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

18-SMCC-9806

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 18-SMCC-11295** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

RECEIVED ST LOUIS COUNTY SHERIFFS OFFICE 2018 NOV 15 PM 2:55

NOV 15 2018

Electronically Filed - Jackson - Independence - November 29, 2018 - 04:53 PM

Electronically Filed - Jackson - Independence - November 29, 2018 - 04:53 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:   SYLVIA ALEJANDRA HERNANDEZ, Attorney for Plaintiff
SERVICE EMAIL:    sylvia@bvalaw.net


SERVICE PARTY:   C KEVIN BALDWIN, Attorney for Plaintiff
SERVICE EMAIL:    kevin@bvalaw.net


SERVICE PARTY:   CHARLES R DICKMAN, Attorney for Plaintiff
SERVICE EMAIL:    cdickman@dickmanlaw.com


SERVICE PARTY:   ERIC EUGENE VERNON, Attorney for Plaintiff
SERVICE EMAIL:    eric@bvalaw.net

Electronically Filed - Jackson - Independence - November 29, 2018 - 04:53 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| R. G. BERNZEN, | ) | |
| | ) | Case No. **1816-CV20883** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| AT&T MOBILITY SERVICES, LLC., | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S APPLICATION FOR CHANGE OF JUDGE**

COMES NOW, Plaintiff, R. G. Bernzen, by and through his attorneys of record, and hereby applies for a change of judge pursuant to Missouri Civil Procedure Rule 51.05 (b) in the above captioned case. Service of process of both Defendants occurred fewer than sixty (60) days ago, making this motion timely.

WHEREFORE, Plaintiff respectfully request that the Court grant his Application for Change of Judge and transfer this matter to the Presiding Judge for reassignment

Respectfully submitted,

_____
 Charles Dickman, #50993
 Charlie Dickman Law, LLC
 600 Broadway, Suite 490
 Kansas City, MO 64105

1

Tel: (816) 505-1906
Fax: (888) 474-6649
cdickman@dickmanlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

**COMES NOW** Plaintiff, by and through her counsel of record, who hereby certifies that on this 13th day of December 2018, a PDF copy of the following ***Motion for Change of Judge***, was sent via email only to Defendants' counsels, to wit, Justin M. Dean, Lance Witcher & Julie Devine, to their respective emails addresses as follows: Justin.dean@ogletree.com, Lance.witcher@ogletree.com, and Jdevine@lashlybaer.com.

Respectfully submitted,

Charles Dickman, #50993
Charlie Dickman Law, LLC
600 Broadway, Suite 490
Kansas City, MO 64105
Tel: (816) 505-1906
Fax: (888) 474-6649
cdickman@dickmanlaw.com

2

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    SYLVIA ALEJANDRA HERNANDEZ, Attorney for Plaintiff
SERVICE EMAIL:    sylvia@bvalaw.net


SERVICE PARTY:    C KEVIN BALDWIN, Attorney for Plaintiff
SERVICE EMAIL:    kevin@bvalaw.net


SERVICE PARTY:    ERIC EUGENE VERNON, Attorney for Plaintiff
SERVICE EMAIL:    eric@bvalaw.net

Electronically Filed - Jackson - Independence - December 13, 2018 - 02:49 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

FILED
DIVISION 2
14-Dec-2018   12:53
CIRCUIT COURT OF JACKSON COUNTY, MO
BY

ROBERT G. BERNZEN,          )
          )
      **Plaintiff,**         )
          )    **Case No. 1816-CV20883**
v.          )
          )
AT&T MOBILITY SERVICES ET AL.,    )    **Division 2**
          )
          )
      **Defendants.**      )
          )

## ORDER

Comes now the Court on Plaintiff's Application for Change of Judge, filed herein December 13, 2018.  After reviewing the Motion, and being fully advised in the law and premises of the Motion, the Court finds that, pursuant to Mo. Sup. Ct. R. 51.05, Plaintiff's Application for Change of Judge should be **GRANTED**.

IT IS THEREFORE **ORDERED** that Plaintiff's Application for Change of Judge is **GRANTED**.

IT IS FURTHER **ORDERED** that the Court shall issue a separate Order transferring this matter to the Presiding Judge for reassignment.

**IT IS SO ORDERED**.

  December 14, 2018                              
Date                                   Judge Kenneth R. Garrett, III

I certify a copy of the above was sent via the E-filing system this day to all counsel of record:

Mary Kate Bird, Law Clerk, The Honorable Kenneth R. Garrett, III, Division 2

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**ROBERT G BERNZEN V AT&T MOBILITY SERVICES ET AL**

CASE NO: **1816-CV20883**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL    ☐ CRIMINAL    ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge    ☐ Recusal    ☐ Certification    ☐ Request for Jury

☐ Change of Venue to _____    ☐ Reciprocal Case    ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division _____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division _____ in exchange for Case # _____.

**CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.**

__DECEMBER 14, 2018__
DATE

_Kenneth R. Garrett III_
JUDGE

### ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division _____ pursuant to Circuit Court Rule.

☐ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

_____
DATE

_____
JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____.

SYLVIA ALEJANDRA HERNANDEZ, Attorney for Plaintiff, 14 SOUTH MAIN STREET, LIBERTY, MO 64068
-, sylvia @bvalaw.net
ERIC EUGENE VERNON, Attorney for Plaintiff, 14 S MAIN ST, LIBERTY, MO 64068
(816) 842-1104, Eric@bvalaw.net
C KEVIN BALDWIN, Attorney for Plaintiff, 14 SOUTH MAIN STREET, LIBERTY, MO 64068
(816) 842-1104, Kevin@bvalaw.net
CHARLES R DICKMAN, Attorney for Plaintiff, 600 BROADWAY SUITE 490, KANSAS CITY, MO 64105
(888) 474-6649, cdickman@dickmanlaw.com

Data Entry Copy

RECEIVING JAA: _____

Case no. 1816-CV20883     Page 1 of 1     DMSDOTRNF (3/2018)
Case 4:18-cv-00987-DGK   Document 1-2   Filed 12/17/18   Page 55 of 56