# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT G. BERNZEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00987-DGK |
| | ) | |
| AT&T MOBILITY SERVICES, LLC, | ) | |
| and IESHA LYNCH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This civil rights action arises under the Missouri Human Rights Act ("MHRA"). Plaintiff Robert G. Bernzen, a Missouri citizen, alleges that his employer, AT&T Mobility Services, LLC, and supervisor, Iesha Lynch, discriminated against him based on his race and age. Defendants timely removed this case from state court, arguing that Lynch, also a Missouri citizen, was fraudulently joined. Now before the Court are Defendants' motion to dismiss (Doc. 6) and Plaintiff's motion to remand (Doc. 12). Because Plaintiff did not fraudulently join Lynch and the parties are not diverse, the Court lacks jurisdiction to rule on Defendant's motion. The Court therefore GRANTS Plaintiff's motion and REMANDS the case.

### Background

Plaintiff, a white male over forty years of age, began working for AT&T in 2014. Lynch, a black woman, supervised him from July 2015 until July 2017, when she was promoted and relocated. Plaintiff alleges that during this period Lynch repeatedly discriminated against him. He claims that she mocked him for his age and treated him and his white coworkers much worse than their black colleagues. For example, Lynch purportedly reserved easier and more lucrative sales for black employees, while assigning to Plaintiff the difficult customers. Plaintiff states that Lynch

ignored his complaints about this behavior, which took an emotional toll and deprived him of career-advancement opportunities.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") in November 2017. The MCHR issued him a "right-to-sue" letter in May 2018. Plaintiff then filed suit in Missouri state court against both AT&T and Lynch, alleging violations of the MHRA. Defendants removed the case based on diversity jurisdiction.[1] According to them, the Court should disregard Lynch's Missouri citizenship, dismiss the claims against her, and hear the case because she was fraudulently joined. Plaintiff meanwhile asks the Court to remand the suit based on his and Lynch's shared state citizenship.

**Standard**

A defendant may invoke the federal courts' diversity jurisdiction to remove a state case, provided it arises between citizens of different states and the matter in controversy exceeds $75,000. 28 U.S.C. § 1441(a)-(b) (referencing 28 U.S.C. § 1332(a)). Diversity jurisdiction requires complete diversity—that is, no defendant can hold citizenship in the same state as any plaintiff. *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations and citation omitted). The party seeking removal bears the burden of establishing federal jurisdiction, *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015), and federal courts must remand removed cases when jurisdiction is wanting. 28 U.S.C. § 1447(c); *Junk*, 628 F.3d at 444-45.

There is, however, an exception for fraudulently joined non-diverse defendants. *See Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) ("[T]he right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident

---

[1] As mentioned, Plaintiff and Lynch are Missouri citizens. AT&T is a Delaware corporation with its principal place of business in Georgia.

2

defendant'" (quoting *Wilson v. Rep. Iron & Steel Co.*, 257 U.S. 92, 97 (1921))). Joinder is fraudulent if "it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant . . . ." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (emphasis in original) (internal quotation and citation omitted). Joinder is not fraudulent if the complaint "*might* impose liability on the resident defendant under the facts alleged." *Id.* (emphasis in original). Federal courts resolve all doubts about jurisdiction in favor of remand. *Griffioen*, 785 F.3d at 1192.

**Discussion**

Whether Plaintiff asserts a colorable cause of action against Lynch turns on when the MHRA claims accrued. Missouri amended the MHRA in 2017 to eliminate individual liability. 2017 Mo. Legis. Serv. S.B. 43 (excluding from the definition of "employer" an "individual employed by an employer"); Mo. Rev. Stat. § 213.010. The amendment took effect on August 28, 2017, and does not apply retroactively. *Bram v. AT&T Mobility Servs., LLC*, 564 S.W.3d 787, 795 (Mo. Ct. App. 2018). Defendants contend that Plaintiff's claims against Lynch are fraudulent because they did not accrue until the MCHR issued Plaintiff a right-to-sue letter in May 2018, after the amendment's effective date. Plaintiff responds that his claims accrued earlier, when the alleged discriminatory conduct occurred, and thus are unaffected by the amendment.

The Court concludes that Plaintiff states a potentially valid claim against Lynch. Although the MHRA does not specify when a cause of action accrues, case law suggests that administrative right-to-sue letters do not bear on a discrimination claim's validity. *See Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) (holding that a right-to-sue letter is not a jurisdictional prerequisite); *Ritter v. Delta Sch. Dist.*, No. 1:18-cv-170-ACL, 2018 WL 5312043, at *3 (E.D. Mo. Oct. 26, 2018) (same). Rather, the failure to obtain such a letter is an affirmative

3

defense that can be cured and waived. *Johnson v. City of Kan. City, Mo.*, No. 4:07-cv-0664-ODS, 2008 WL 65395, at *3 (W.D. Mo. Jan. 4, 2008) ([T]he failure to obtain a letter prior to suit can be cured if the right to sue letter is obtained after the suit is commenced."); *see also Kerr v. Mo. Veterans Comm'n*, 537 S.W.3d 865, 873-76 (Mo. Ct. App. 2017) (describing the failure to exhaust administrative remedies as a non-jurisdictional defense). That an aggrieved party can file suit and later obtain a right-to-sue letter—or, in the case of waiver, never obtain one—indicates that MHRA claims accrue when the alleged discriminatory acts took place.

This conclusion comports with the MHRA's statute of limitations, which requires that suits be filed both "within ninety days from the date of the commission's notification letter" and also "no later than two years after *the alleged cause occurred* . . . ." Mo. Rev. Stat. § 213.111.1 (emphasis added). Moreover, numerous federal and state trial courts have adopted Plaintiff's position. *See, e.g.*, *Ramsey v. Ga. Pac. LLC*, No. 4:18-cv-00723-NKL, 2019 WL 123001, at *2-3 (W.D. Mo. Jan. 7, 2019); *Robinson v. Target Corp.*, No. 3:18-cv-05039-RK, 2018 WL 6620892, at *2-3 (W.D. Mo. Dec. 18, 2018); *Jordan v. Charter Commc'ns, Inc.*, No. 4:19-cv-00035-SNLJ, 2019 WL 1409353, at *3-4 (E.D. Mo. Mar. 28, 2019); *Marshall v. Walgreen Co.*, No. 4:18-cv-331-CDP, 2018 WL 3025813, at *2-3 (E.D. Mo. June 18, 2018); *Issa v. Prog. Plumbing, Inc.*, No. 18CT-CC00025 (Mo. Cir. Ct. June 19, 2018); *Gray v. Adient US, LLC*, No. 1816-CV05914 (Mo. Cir. Ct. June 11, 2018).

Defendants argue that *De Paul Hosp. Sch. of Nursing v. Sw. Bell Tel. Co.*, 539 S.W.2d 542, 546-47 (Mo. Ct. App. 1976) mandates a contrary outcome. In that case the Missouri Court of Appeals held that the plaintiff's claims for reimbursement of telephone overcharges did not accrue until the Public Service Commission issued an order determining the correct rate. *Id.* at 546. But there the commission had exclusive jurisdiction to decide rates, and until it acted the court could

not hear the case and the plaintiff could not prove damages. *Id.* at 546-47. In comparison, the MHRA right-to-sue letter does not determine one's damages; it is a "notification" that existing discrimination claims for already-sustained damages can be litigated in court rather than investigated by the MCHR. *See* Mo. Rev. Stat. § 213.111.1; *Igoe v. Dep't of Labor & Indus. Relations of Mo.*, 152 S.W.3d 284, 287 n.5 (Mo. 2005). *De Paul*, then, does not foreclose the possibility of Plaintiff prevailing. *See Ramsey*, 2019 WL 123001, at *2 (rejecting *De Paul*'s applicability to MHRA claims). Defendants have thus failed to meet their burden of showing fraudulent joinder.

**Conclusion**

Plaintiff's MHRA claims against Lynch have a reasonable basis in fact and law. Lynch was not fraudulently joined, and, consequently, the Court lacks jurisdiction to hear the case and rule on Defendants' motion to dismiss (Doc. 6). The Court GRANTS Plaintiff's motion to remand (Doc. 12) and REMANDS the case to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date: <u>April 22, 2019</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

5